UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

360 INTERNATIONAL, INC.

**VERSUS**    CASE NO. _____

GOMEX ENERGY OFFSHORE, LTD.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COMPLAINT FOR MONEY JUDGMENT; TO RECOGNIZE AND ENFORCE PRIVILEGE; WRIT OF SEQUESTRATION; AND FOR GARNISHMENT UNDER SEQUESTRATION**

The Complaint of 360 International, Inc. ("**360 International**"), asserting causes of action (i) for recognition and enforcement of the privilege established under the Louisiana Oil Well Lien Act, La. R.S. 9:4861, et seq.; (ii) seeking the issuance of a writ of sequestration to enforce said privilege; (iii) for garnishment under said writ of sequestration; and (iv) for money judgment, respectfully represents as follows:

**PARTIES**

1.

Petitioner, 360 International, Inc., was at all times a Louisiana corporation domiciled at, and having its principal place of business at, 220 Crip Lane, Duson, Louisiana 70529.

2.

Made defendant herein is GoMex Energy Offshore, Ltd. ("**GoMex**"), a Texas limited partnership domiciled at, and having a principal business office located at, 1776 Woodstead Court, Ste. 222, The Woodlands, Texas 77380, who, upon information and belief, is a "lessee", "participating lessee" and/or "operator" of leases (as defined in Louisiana Revised Statute 9:4861) on wells located on Vermilion Block 282, Vermilion Block 301 and East Cameron Block 272 offshore Louisiana in federal waters.

## JURISDICTION AND VENUE

3.

This Court has federal question jurisdiction over this civil action pursuant to 28 U.S.C. § 1331, as the action arises out of the laws of the United States. Specifically, this civil action is asserted in connection with operations conducted on the outer continental shelf involving the exploration, development, or production of the minerals, subsoil and seabed of the outer continental shelf, and as such, this action arises out of the Outer Continental Shelf Lands Act, 43 U.S.C. § 1349(b)(1).

4.

Additionally, or alternatively, this Court has diversity jurisdiction over this civil action pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

5.

Venue is proper in this district under 43 U.S.C. § 1349(b)(1) because this is the "judicial district of the State nearest the place the cause of action arose."

## FACTUAL ALLEGATIONS

6.

Petitioner, 360 International, is in the business of providing total integrated solutions, including engineering, procurement, construction and installation for various industries including the oil and gas industry. 360 International's business includes the furnishing of labor, equipment, services, materials and supplies in support of the development, exploration, maintenance and operations, including drilling, completion, testing and production, of oil and gas wells.

7.

In connection with its business, 360 International entered into a Master Service Agreement ("**MSA**") with GoMex on or about August 1, 2014.

8.

GoMex is a privately held, independent exploration and production company which focuses on redevelopment, operations and production of under developed oil and gas fields.

9.

GoMex, upon information and belief, is a lessee, participating lessee and/or operator of leases situated on the outer continental shelf, specifically, OCS-G31349 ("**Surface Lease**") and OCS-G31349, OCS-G34805 and OCS-G02047 ("**Bottom Leases**"), collectively (the "**Lease**"), located on Vermilion Block 282, Vermilion Block 301 and East Cameron Block 272 (the "**Blocks**").

10.

GoMex, upon information and belief, is the designated operator for the following wells: D001 (API 177064096300); D001 (API 177064096301); D002 (API 177064096500); D002 (API 177064096501); D003 (API 177064097800); D004 (API 177064098000); D005 (API 177064098800); D0014 (API 177064096400); D0014 (API 177064096401); D0015 (API 177064097700); D016 (API 177064098700); D0017 (API 177064098900) (the "**Subject Wells**"). The Subject Wells form a part of the Blocks and the Lease.

11.

Pursuant to the MSA, from August 22, 2018 through November 19, 2018, 360 International furnished labor, services, equipment, materials or supplies, including but not

limited to compressor rebuild, re-engineering, repair and maintenance (the "**Original Services**") in connection with the drilling, completion, reworking or operation of the Subject Wells.

12.

The Original Services provided by 360 International totaled $2,638,505.37, together with interest, reasonable attorney's fees (but in no event in excess of 10% of the principal and interest due) and costs, including, but not limited to the cost of preparing and filing 360 International's Statement of Privilege, Oil Well Lien Affidavit, and Notice of Continuation of Lien and Privilege (the "**Statement of Privilege**") and Notice of Lis Pendens, as authorized by Louisiana Revised Statute 9:4861, *et seq.*, all of which is presently due and owing, less the principal amount of $436,272.37 which was remitted to 360 International by GoMex on January 11, 2019, after the filing of the Statement of Privilege.

13.

From November 19, 2018 through January 31, 2019, 360 International performed additional work and/or delivered additional materials in connection with the Subject Wells (the "**Additional Service**"), which totaled $135,634.90, together with interest, reasonable attorney's fees (but in no event in excess of 10% of the principal and interest due) and costs, including but not limited to the costs of preparing and filing 360 International's Amended Statement of Privilege, Oil Well Lien Affdiavit, and Noticed Continuation of Lien and Privilege (the "**Amended Statement of Privilege**") and Notice of Lis Pendens, as authorized by Louisiana Revised Statute 9:4861, *et seq.*;  all of which is presently due and owing, less the principal amount of $19,966.21 which was remitted to 360 International by GoMex on or about February 13, 2019 and less the principal amount of $3,420.00 which was remitted to 360 International by GoMex on or about February 21, 2019, after the filing of the Original Statement of Privilege.

14.

Pursuant to Louisiana Revised Statute 9:4861, *et seq.* and 43 U.S.C. § 1333(a)(2)(A), 360 International was granted and possesses a privilege and lien for payment of its services, which privilege and lien has been properly preserved and protected by the filing of the Statement of Privilege in the mortgage records of Vermilion Parish, Louisiana, MOB 192, Instrument Number 2018009834, on December 20, 2018 and by the filing of the Amended Statement of Privilege in the amount of $2,314,481.69 in the mortgage records of Vermilion Parish, Louisiana, under Instrument Number 2019001655 on March 8, 2019.

15.

GoMex received the benefit of the labor, goods, services, equipment, materials and supplies provided by 360 International, for which there has been no corresponding payment, except payments in the amount of $436,272.37, $19,966.21 and $3,420.00 made after the filing of the Statement of Privilege.

16.

The principal amount of $2,314,481.69 remains due and owing by GoMex to 360 International, together with interest, reasonable attorney's fees (but in no event in excess of 10% of the principal and interest due) and costs, including but not limited to the cost of preparing and filing the Statement of Privilege, the Amended Statement of Privilege and Notice of Lis Pendens, as authorized by Louisiana Revised Statute 9:4861, *et seq.*, which body of Louisiana statutes is made surrogate federal law pursuant to 43 U.S.C. § 1333(a)(2)(A).

## COUNT ONE:  RECOGNITION AND ENFORCEMENT OF PRIVILEGE

17.

360 International incorporates by reference each of the allegations contained in Paragraphs 1 through 16 above.

18.

360 International was granted a privilege and lien by operation of law, including, but not limited to, Louisiana Revised Statute 9:4861, *et seq.*, and 43 U.S.C. § 1333(a)(2)(A), for the payment of the Services and Additional Services it provided.

19.

360 International's lien and privilege exists on and bears against the Lease, including the Subject Wells, and, pursuant to Louisiana Revised Statute 9:4863 and 43 U.S.C. § 1333(a)(2)(A), includes, but is not limited to:

- A) The operating interest under which the operations giving rise to the privilege are conducted, together with any interest of a lessee of such interest in:

    1) Wells, buildings, tanks and other constructions or facilities of the well site;

    2) Movables on the well site that are used in operations;

    3) Tracts of land, servitudes, leases covering the well site of the operating interest, including the Lease covering the Blocks;

- B) The drilling or other rig located at the well site of the operating interest if owned by the operator or contractor from whom the activities giving rise to the privilege emanate;

- C) Any interest of the operator or participating lessee in hydrocarbons produced from the operating interest;

- D) Proceeds received by, and obligations owed to, a lessee from the disposition of hydrocarbons subject to the privilege.

20.

360 International's Statement of Privilege was filed within 180 days of completion of the Services provided by 360 International.

21.

360 International's Amended Statement of Privilege was filed within 180 days of completion of the Additional Services provided by 360 International.

22.

This is an action for recognition of and enforcement of the privilege of 360 International under Louisiana Revised Statute 9:4862 and 43 U.S.C. § 1333(a)(2)(A).

## COUNT TWO – WRIT OF SEQUESTRATION

23.

360 International incorporates by reference the allegations contained in Paragraphs 1 through 22 above.

24.

GoMex has the power to conceal, dispose of, or waste the properties described in Paragraph 19 above, or the revenues deriving therefrom, during the pendency of this litigation.

25.

To protect the lien and privilege of 360 International, it is necessary that a writ of sequestration issue, directing the United States Marshal to seize any and all properties, including those described in Paragraph 19 above, to which 360 International's lien and privilege attaches, including, but not limited to, the purchasers of production from the Lease and/or the properties described in Paragraph 19 above. The Writ of Sequestration should issue in accordance with Louisiana Code of Civil Procedure Article 3571, *et seq.* as made applicable by Rule 64 of the

Federal Rules of Civil Procedure, and the United States Marshal should be directed to hold all sequestered property until further order of this Court.

26.

Under Louisiana Revised Statute 9:4871 and 43 U.S.C. § 1333(a)(2)(A), 360 International may enforce its privilege by Writ of Sequestration without the necessity of furnishing security.

## COUNT THREE – MONEY JUDGMENT

27.

360 International incorporates by reference the allegations contained in Paragraphs 1 through 26 above.

28.

360 International is owed a total of $2,314,481.69, in connection with the Services and Additional Services provided to GoMex in the operation of the Subject Wells.

29.

360 International fully performed its duties and furnished labor, equipment, services, material and supplies in connection with the operation of the Subject Wells, used in the production of oil and gas on the Lease.

30.

360 International is entitled to legal interest on all its unpaid invoices given to GoMex for the Services and Additional Services provided by 360 International, at the rate provided by Louisiana Civil Code Article 2000 and Louisiana Revised Statutes 9:3500 and 13:4202, from the date each invoice was due until paid.

## COUNT FOUR – GARNISHMENT AND MISCELLANEOUS RELIEF

31.

360 International incorporates by reference the allegations contained in Paragraphs 1 through 30 above.

32.

Louisiana Code of Civil Procedure Article 3503 provides for garnishment interrogatories under a writ of sequestration where a privilege is claimed, in order to determine whether a third party has property of the defendant in its possession.

33.

360 International believes that certain property, including the proceeds from the sale of production from the Lease may be in possession or custody of unknown third parties, as the Subject Wells are, upon information and belief, actively producing. Furthermore, 360 International believes that any entities holding proceeds from the sale of production from the Lease should be cited as garnishee in this proceeding and ordered to answer the annexed garnishment interrogatories according to the law.

34.

360 International reserves the right to amend and name as defendants at a later date all working interest owners and all purchasers of oil, gas and distillate produced from the Lease, including the Subject Wells, for the purpose of this Court entering judgment against those unknown purchasers, ordering them to turn over to 360 International all proceeds derived from the operating interest in an amount sufficient to pay the full amount of the indebtedness due by GoMex to 360 International, including principal, interest, expenses, attorney's fees and costs as permitted by law.

35.

360 International reserves the right to amend this Complaint to seek additional remedies at law or in equity, as the case may require.

WHEREFORE, 360 International, Inc. respectfully prays that this Court:

1) Enter judgment in favor of 360 International, Inc., recognizing and enforcing 360 International, Inc.'s lien and privilege bearing against the Lease, including the Subject Wells, and recognizing and maintaining the Writ of Sequestration;

2) Issue a Writ of Sequestration directing the United States Marshal to seize and hold subject to further order of this Court all properties identified in Paragraph 19 above, wherever located and by whomever held, including but not limited to, the funds owed to GoMex by purchasers of production on and/or from the Lease, including the Subject Wells;

3) Issue judgment in favor of 360 International, Inc. against GoMex Energy Offshore, Ltd. in the amount of $2,314,481.69, or such other amount as is reasonable in the premises, together with legal interest thereon from the date(s) due, reasonable attorney's fees (but in no event in excess of 10% of the principal and interest due) and costs, including but not limited to, the cost of preparing and filing the Statement of Privilege, Amended Statement of Privilege and Notice of Lis Pendens, as authorized by Louisiana Revised Statute 9:4861, *et seq.*; and

4) Grant all other general and equitable relief as may be just in the premises and to which 360 International, Inc. may be entitled.

Respectfully submitted:

BECKER & HEBERT, LLC

/s/ Michael D. Hebert
MICHAEL D. HEBERT, T.A. - 17297
JAMES P. DOHERTY, III – 25651
SETH T. MANSFIELD – 34657
201 Rue Beauregard
Lafayette, Louisiana 70508
Telephone: (337) 233-1987
Facsimile: (337) 235-1748
Attorneys for 360 International, Inc.